**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**PEASE OIL COMPANY and its Officer and Managing Agent, James O. Porter, Respondents.**

**No. 25805.**

United States Court of Appeals Second Circuit.

Motion Taken on Submission Nov. 26, 1962.

Decided Dec. 20, 1962.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Samuel Kaynard, Chief Law Officer, Second Region, New York City), for petitioner.

James O. Porter, Buffalo, N. Y., for respondent.

Before FRIENDLY, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

The Board's petition for enforcement of its original order in this cause was granted by this court on May 26, 1960, 279 F.2d 135. In a supplemental decree filed September 28, 1961, we ordered respondents to pay two named claimants a total sum of $4,365.51. On April 23, 1962 we ordered respondent to produce for inspection certain of its business records. Neither order met with compliance.[1] By decree of July 27, 1962 we adjudged respondents in civil contempt, and ordered that respondents could purge themselves by prompt payment to claimants of the sum owed, plus interest, and payment to the Board of its costs in bringing the contempt proceedings. Respondents having failed to pay said sums, the Board petitions for the issuance of a writ of body attachment against James O. Porter, attorney and officer of the respondent corporation.

Porter contends that the respondent company has no assets, that judgments in excess of $30,000 have been entered against it, and that the company has additional outstanding debts in amounts exceeding $240,000. He offers to make respondent's books available for examination and verification of these assertions.

The remedy of body attachment is a drastic one. In view of the excuse offered for noncompliance with our order of April 23, 1962, note 1 supra, and respondent's offer to make the corporate books available for inspection at this time, we hold decision on the petition in abeyance pending such inspection. The scope of inspection shall be in accordance with Petitioner's Notice of Motion, dated February 16, 1962. Inspection, copying, photographing or microfilming of said documents shall be conducted promptly, date to be agreed upon by the parties, during regular business hours at the office of James O. Porter at 902–904 Ellicott Square Building, Buffalo, New York, or at such other place as may be mutually agreed upon. Our determination is, of course, without prejudice to a renewal of the petition if the documents sought are not made promptly available.

So ordered.

---

1. The order of April 23, 1962 required Porter to produce the business records of the corporation for inspection commencing May 10, 1962. Porter deposed that the records sought were not in his possession at that time since he had sent them to Henry M. Gordon, sole stockholder of the corporation, who was then stationed with the Army in Georgia. His request that the inspection be continued until the end of May was denied by the Board.